IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marc C. Stanley, # 343332, | ) | C/A No.: 1:11-607-JMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Donald Beckwith, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner, proceeding *pro se* and *in forma pauperis*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Petitioner is currently in the custody of the South Carolina Department of Corrections ("SCDC") following his conviction of larceny in of Clarendon County on October 21, 2010, for which he received an eighteen-month sentence. According to the SCDC's website, Petitioner's projected release date is August 24, 2011. *See* SCDC website, https://sword.doc.state.sc.us/scdc-public/ (last visited 5/16/2011).

In Petitioner's Answers to the Court's Special Interrogatories [Entry #21] and the answers provided on the § 2254 petition form he completed at the court's request [Entry #1], he filed an unsuccessful direct appeal of his Clarendon County conviction, but has not yet filed a post-conviction relief application ("PCR"). Among his claims for relief in his § 2254 petition are claims of ineffective assistance of legal counsel.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

The Petition in this case should be dismissed because Petitioner has not fully exhausted his state remedies. With respect to his conviction and sentence for larceny, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has fully exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010).

Section 2254 provides the following regarding exhaustion:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b),(c). This doctrine requires that Petitioner's allegations regarding a habeas corpus action must first be presented to the state's highest court for consideration before a federal court will review the allegations. *See Picard v. Connor*, 404 U.S. 270, 276 (1971). In the instant case, Petitioner does not appear to have filed a PCR application raising the grounds for relief he argues in his § 2254 Petition. As a result, the numerous grounds for habeas relief raised in the Petition filed in this case have not yet been fully and finally considered and addressed by state courts. Petitioner's failure to exhaust his available state remedies is fatal to this case.

Although Petitioner did unsuccessfully pursue a direct appeal to the South Carolina Court of Appeals, he still must file and fully prosecute a PCR application prior to seeking federal habeas corpus relief. The Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 *et seq.*, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). Petitioner can obtain PCR forms from the Clerk of Court for Clarendon County, or from the South Carolina Attorney General's

Office, whose mailing address is Post Office Box 11549, Columbia, South Carolina 29211.

If Petitioner files a PCR application that is denied by the Court of Common Pleas for Clarendon County, he must then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies. Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided under South Carolina Appellate Court Rule 227 and S.C. Code Ann. § 17-27-100.[1] If such review is not sought and completed by a state prisoner, then federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853–54 (4th Cir. 1984). Because it is clear from the face of the pleadings in this case that Petitioner has two viable state court remedies (PCR and appellate review of PCR) that have not been fully utilized, it is recommended that the district judge dismiss the instant action to permit Petitioner to exhaust his state remedies.

---

[1] After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 227(l). If the case is transferred to the Court of Appeals, that case is the final step that Plaintiff must take in order to fully exhaust his state court remedies under § 2254. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (after review of a conviction by the Court of Appeals, no need to go through another petition for writ of certiorari to state supreme court under SCACR 226 to fully exhaust state remedies in federal habeas actions); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S. E. 2d 454 (S.C. 1990) (same; rule applies in both criminal appeals and post-conviction relief cases).

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

May 27, 2011                                               Shiva V. Hodges
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**